IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| GARY THAUT, | Cause No. CV-05-178-M-DWM-JCL |
| Petitioner, | |
| vs. | ORDER DENYING PENDING MOTIONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION AND DENY CERTIFICATE OF APPEALABILITY |
| MIKE MAHONEY, WARDEN and MONTANA ATTORNEY GENERAL, | |
| Respondents. | |

_____

Petitioner has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. He is challenging the sentence he received based upon his August 3, 2000 guilty plea to felony aggravated assault and criminal mischief for shooting a man in the face with a shotgun. The factual and procedural background of this case was set forth in the Court's Order of June 29, 2006. (Document 4). In that Order, the Court stayed the case pending the Montana Supreme Court's decision on Thaut's state court petition for post-conviction relief. The Montana Supreme

ORDER DENYING PENDING MOTIONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION AND DENY CERTIFICATE OF APPEALABILITY / PAGE 1

Court affirmed the denial of Thaut's petition on January 30, 2007. Accordingly, the stay in this matter is lifted and Thaut's petition is recommended for dismissal.

## A.  GROUNDS FOR RELIEF

Thaut lists the following five grounds for relief: (1) that Montana House Bill 220 is unconstitutional as it violates his due process right to equal protection and the prohibition on ex post facto laws; (2) that there was no factual basis for the sentencing court to impose parole restrictions; (3) that the sentencing court improperly based the length of his sentence on the amount of time it might take to pay his restitution; (4) that there was no factual basis upon which to impose consecutive sentences; and (5) that he received ineffective assistance of counsel at trial and at the appellate level because counsel failed to properly present his claims raised herein.

## B.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, (AEDPA) "modifies the role of federal habeas courts in reviewing" habeas petitions. Williams v. Taylor, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997) and Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct 357, 360 (2002)(per curiam)). Under AEDPA, habeas relief is proper only if the state court's adjudication of the merits of a habeas claim "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1]

"A state court's decision is 'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1169 (9th Cir. 2003)(citing Lockyer v. Andrade, 538 U.S. 63, 73 (2003)).  The United States Supreme Court has clarified that "'clearly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" Carey v. Musladin, 127 S.Ct. 649, 653 (2006) (quoting Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.' Thus, 'an unreasonable application is different from an incorrect one.'" Ortiz-Sandoval, 323 F.3d

---

[1]Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

at 1169-1170 (citing Lockyer, 538 U.S. at 75 and Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). "As to more debatable factual determinations, the care with which the state court considered the subject may be important." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) cert. denied 522 U.S. 1008 (1997) overruled on other grounds by Lindh, 521 U.S. 320. Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Jeffries, 114 F.3d at 1499-1500.

## C. ANALYSIS

Although Thaut has raised five grounds for relief, only his first and fifth claims raise a federal claim. Federal courts may entertain an individual's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thaut has not included a federal basis for his claims regarding his parole restriction, the length of his sentence or the consecutive nature of his sentences. Therefore, claims two, three and four (to the extent they are not encompassed in Thaut's ineffective assistance of counsel claim) will be recommended for dismissal.

1. Montana House Bill 220 (from 2003) is Unconstitutional

Thaut argues that after he was convicted and sentenced the Montana Legislature, in 2003, passed House Bill 220 and made it retroactive. He claims that the implementation of that Bill

violated his due process rights to equal protection of the law and to be free from the imposition of ex post facto laws. He contends that the law assessed financial responsibility and liability for payment of restitution that was not in effect at the time the crime was committed.

Regardless of whether Thaut has standing to contest the new restitution laws, it is clear to this Court that the issue is not ripe for consideration. "Determination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function. International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd, 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954). Similarly, where it is impossible to know whether a party will ever be found to have violated a statute, or how, if such a violation is found, those charged with enforcing the statute will respond, any challenge to that statute is premature. Babbitt v. United Farm Workers National Union, 442 U.S. 289, 303-05, 99 S.Ct. 2301, 2311-12, 60 L.Ed.2d 895 (1979); see also Renne v. Geary, 501 U.S. 312, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991); Alaska Airlines, Inc. v. City of Long Beach, 951 F.2d 977 (9th Cir. 1991).

In Thaut's case, it is impossible to know whether, when and how the new restitution regulations will affect him. While it is possible for him to someday experience an equal protection violation, that possibility is, as the Montana Supreme Court indicated, both hypothetical and speculative.

Moreover, the change in Montana law regarding restitution did not violate the Ex Post Facto Clause because it did not impose additional punishment on Thaut. See Quarles v. Kane, 482 F.3d 1154 (9th Cir. 2007) (citing Russell v. Gregoire, 124 F.3d 1079, 1085 (9th Cir.1997)).

House bill 220 changed Mont. Code Ann. § 46-18-241 to read, "As provided in 46-18-201, a sentencing court shall, as part of the sentence, require an offender to make full restitution to any victim who has sustained pecuniary loss, including a person suffering an economic loss. The duty to pay full restitution under the sentence remains with the offender or the offender's estate until full restitution is paid and is a condition of any probation or parole."

Even if HB 220 is applied to Thaut, it would not impose additional punishment on him it would only change the manner in which his restitution is collected. Thaut has been sentenced to 30 years in prison, he is not eligible for parole for 10 years and he has a restitution obligation of $69,457. The change in the restitution statute did not change this sentence or impose additional punishment on Thaut. Therefore, there has been no violation of the ex post facto clause.

2. Ineffective Assistance of Counsel

Thaut claims that he received ineffective assistance of counsel at sentencing and on appeal because counsel failed to properly present his claims regarding his parole restrictions, the length of his sentence and his consecutive sentence. The standard for analyzing an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668, 692, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a defendant must demonstrate that counsel's representation (1) fell "below an objective standard of reasonableness," and (2) that the mistakes made were "prejudicial to the defense," that is, such mistakes that create a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Thaut can show otherwise. Id. at 689-90, 104 S.Ct. 2052.

Counsel's failure to object to the parole restriction, the length of the sentence and the consecutive nature of the sentences was not objectively unreasonable.  These are all issues that were included in the plea agreement wherein the county attorney agreed to recommend "consecutive sentences of twenty years and ten years on the two charges, with a ten-year restriction on parole eligibility" in exchange for a reduction on the charge of attempted deliberate homicide to felony aggravated assault and felony criminal mischief.  As the state district court accepted the plea agreement and sentenced Thaut in accordance with the county attorney's recommendation (which Thaut had bargained for), defense counsel's performance did not fall below an objective standard of reasonableness.

Moreover, there was a factual basis for the parole restriction given the factual basis of Thaut shooting a man in the face with a shotgun.  Additionally, the record does not support Thaut's contention that the state district court used an unlawful basis for imposing a longer sentence.  Thaut was sentenced to 30 years at Montana State prison on August 3, 2000.  On September 12, 2001, the state district court issued a supplemental sentencing order which did not change the length of Thaut's sentence, it just lowered the restitution order to $69,457.00.  It was in that September 12, 2001 order that the state district court stated, "The [c]ourt concludes that the Defendant would have the ability to pay this amount over the course of his sentence . . ." State v. Thaut, 324 Mont. 460, 103 P.3d 1012, 2004 MT 359, ¶ 37 (Mont. 2004) (citing the state district court's order of September 12, 2001).  As the Montana Supreme Court correctly found, "the District Court established the length of sentence based on the plea agreement, and then

determined $69,457 was a reasonable amount for Thaut to pay given the length of time he would have to pay it." Id. at ¶ 18.  This was not improper.

Counsel's failure to object to a sentence which was agreed to by Thaut as part of the plea agreement did not constitute ineffective assistance of counsel.

### D. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  The "substantial showing" standard can be satisfied on an issue-by-issue basis.  Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack, 529 U.S. at 483-484 (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025).  In addition, a petitioner is not required to establish that he will prevail on the merits.  Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4).  Rather, the COA requirement seeks only

to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit.  Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the Barefoot standard.  First, the standard may be met where although there is a controlling rule in the particular circuit, another circuit has reached a conflicting view.  Id. at 1025-26.  Second, a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

The COA must indicate which issues satisfy the required showing.  28 U.S.C. § 2253(c)(3).  Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Petitioner has failed to make a substantial showing that he was deprived a federal constitutional right with regard to the claims set forth in his petition as set forth above. Reasonable jurists would not differ on these issues.  Therefore, no certificate of appealability should be granted.

Based on the foregoing, the Court enters the following:

**ORDER**

Given the recommendation that the petition be denied for failure to state a claim, Thaut's Motions for Appointment of Counsel (Documents 8 and 11) are **DENIED**.

ORDER DENYING PENDING MOTIONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION AND DENY CERTIFICATE OF APPEALABILITY / PAGE 9

Further, the Court enters the following:

## RECOMMENDATION

Thaut's petition for writ of habeas corpus should be **DENIED WITH PREJUDICE** and a Certificate of Appealability should be **DENIED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after entry of this recommendation as indicated on the Notice of Electronic Filing attached hereto, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION WITHOUT NOTICE TO PETITIONER.**

DATED this 25th day of May, 2007.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge