FILED
MISSOULA, MT

2007 JUN 12 PM 5 21

PATRICK E. DUFFY
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GARY THAUT, | ) | CV 05-178-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, WARDEN and MONTANA ATTORNEY GENERAL, | ) ) | |
| | ) | |
| Respondents. | ) ) | |

Gary Thaut filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the sentence imposed on him after he pleaded guilty to felony aggravated assault and criminal mischief. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on May 25, 2007, recommending that Thaut's petition and a Certificate of Appealability be denied. Judge Lynch also denied Thaut's motions for appointment of counsel. Thaut timely objected on June 4, 2007. He therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Thaut's objections relate mainly to Judge Lynch's denial of his request for appointment of counsel. Thaut maintains he needs

-1-

counsel because he suffers from learning disabilities and does not understand legal terms. Judge Lynch denied Thaut's motions for appointment of counsel after determining Thaut's petition failed to state a claim. As discussed below, I agree with Judge Lynch's assessment of the merits of Thaut's petition. Therefore, Judge Lynch's decision to deny Thaut's motions for appointment of counsel was not clearly erroneous or contrary to law.

Thaut's petition raises two federal claims. See 28 U.S.C. § 2254 (restricting federal court review of habeas petitions to alleged violations of federal constitutional law or treaties of the United States). First, he asserts Montana House Bill 220 (the "Bill"), which deals with restitution, is unconstitutional in violation of the Equal Protection and Ex Post Facto Clauses of the U.S. Constitution. Second, Thaut claims his trial and appellate counsel were ineffective because they failed to object to various aspects of Thaut's sentence, including the restriction on his eligibility for parole, the length of the sentence, and the consecutive nature of the sentences.

Thaut's equal protection challenge to Montana House Bill 220 is not ripe because the new restitution provisions contained in the Bill have not yet affected Thaut. Thaut's ex post facto challenge to the Bill lacks merit because the Bill did not impose any additional punishment on Thaut. In Quarles v. Kane, 482 F.3d 1154, 1155 (9th Cir. 2007), the Ninth Circuit determined a

statute that increases the permissible rate at which restitution payments may be collected, but does not increase the amount of restitution, does not violate the Ex Post Facto Clause of the U.S. Constitution. Like the statute at issue in <u>Quarles</u>, the Bill does not affect the amount of restitution Thaut owes; it only alters the manner in which restitution is collected. Finally, Thaut's ineffective assistance of counsel claim is unavailing. Before sentencing, Thaut entered into a plea agreement wherein the government agreed to recommend the consecutive sentences of twenty years and ten years and the parole restriction that Thaut alleges his attorney should have challenged in exchange for a reduced charge. Defense counsel's failure to object to the court's adoption of the terms of the plea agreement does not fall below an objection standard of reasonableness. <u>See Strickland v. Washington</u>, 466 U.S. 668, 689-90 (1984).

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Thaut's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE. A Certificate of Appealability is DENIED.

Dated this 12 day of June, 2007.

Donald W. Molloy, Chief Judge
United States District Court